### STATE OF OHIO, Plaintiff-Appellant v. GOSSLER et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

Nos 3570 to 3623, Inc.  Decided July 7, 1943.

### APPLICATION FOR REHEARING

Nos. 3570 to 3623, Inc.  Decided July 27, 1943.

BY THE COURT:

Submitted on application of defendants-appellants for rehearing.

The application is extended and in the main a reiteration of the claims made by the appellants in their original brief, and a discussion of some new aspects of the case provoked by our opinion and there considered at length.  The only additional authority cited is **State v Simons, 49 Oh St 305,** which, in our judgment, has no application to the factual situation presented in the instant appeal.

State v Simons arose in 1891 and construed Revised Statute 7356, and held that this controlling section made no provision for an error proceeding to the Circuit Court on behalf of the State after a demurrer to an indictment had been sustained and the defendant discharged by the Court of Common Pleas.  The **Eastman case, 131 Oh St 1,** was decided in 1936 and construed the right of the State to an appeal in a criminal case under the Constitution of 1912, in a situation like unto that presented in State v Simons, supra, and supported the jurisdiction of the Court of Appeals to entertain the appeal.  Both of these decisions treat of the jurisdiction of the reviewing court.  Of course, the Eastman case is controlling.

Although we indicated in our original opinion the scope and effect of **State v Grisafulli, 135 Oh St 87,** we reiterate that we cannot overlook the fact that the Supreme Court there had under consideration §12223-7 GC, the identical section of the Code under which, if the contention of the appellants in this case is well made, the State must be controlled in its procedure on appeal.  The Court without qualification carried the proposition into the syllabus that §12223-7, GC, is without application to felony cases.  The instant cases must be classified as felony cases.

It is our judgment, that the State either had the procedural right to file its notice of appeal under §13459-4 GC or no

statutory authority is granted to file such notice. We concede that the question is close, but are still of opiinon as announced in our original decision. The application for rehearing will, therefore, be overruled.

BARNES, P. J., and HORNBECK, J., concur.
GEIGER, J., dissents.